**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

T&T MANAGEMENT, INC.,

Plaintiff,

v.

CHOICE HOTELS INTERNATIONAL, INC.; COUNTRY INN & SUITES BY RADISSON, INC.; and SUNSHINE FUND PORT ORANGE, LLC,

Defendants.

Civil No. 24-1504 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER ON ATTORNEY'S FEES AND COSTS AFTER REMAND**

---

Lance D. Meyer and Lukas Belflower, **O'MEARA WAGNER, P.A.**, 7401 Metro Boulevard, Suite 600, Edina, MN 55439; Mark S. Demorest, **DEMOREST LAW FIRM, PLLC**, 322 West Lincoln, Royal Oak, MI 48067, for Plaintiff.

Craig P. Miller and Kiralyn Locke, **LATHROP GPM LLP**, 80 South Eighth Street, Suite 3100, IDS Center, Minneapolis, MN 55402, for Defendants.

Plaintiff T&T Management, Inc. (T&T) filed this case in 2023 alleging, as relevant here, that Defendants Choice Hotels International, Inc. ("Choice"), Country Inn & Suites by Radisson, Inc. ("Radisson"), and Sunshine Fund Port Orange, LLC ("Sunshine") (collectively, Defendants) had breached a license agreement under which T&T operates a hotel. (*See* Compl., June 26, 2023, Docket No. 1; Am. Compl., Sept. 23, 2023, Docket No. 34.) In 2025, the Court granted Defendants' motion to dismiss and dismissed T&T's claims with prejudice. *T&T Mgmt., Inc. v. Choice Hotels Int'l, Inc.*, Civ. No. 24-1504, 2025 WL 643033 (D. Minn. Feb. 27, 2025). T&T appealed and the Eighth Circuit affirmed. *T&T*

*Mgmt., Inc. v. Choice Hotels Int'l, Inc.*, 179 F.4th 1129 (8th Cir. 2026), *reh'g denied sub nom. T&T Mgmt., Inc. v. Choice Hotels Int'l*, 25-1618, 2026 WL 2603875 (8th Cir. Sept. 3, 2026).[1]

After the Eighth Circuit affirmed the Court's decision granting Defendants' motion to dismiss, certain Appellees (specifically, Choice and Radisson, collectively "Franchisor Defendants") moved for $65,009.40 in attorney's fees and $2,898.69 in costs. (Mot. for Appellate Att'y's Fees and Costs, July 9, 2026, Eighth Circuit Case No. 25-1686.) The Eighth Circuit later remanded the motion to the district court. (Order, Aug. 28, 2026, Eighth Circuit Case No. 25-1686.)

T&T did not respond to the Franchisor Defendants' motion for fees and costs nor ask for an extension to respond to the motion. *Cf.* Fed. R. App. Pro. 27(a)(3)(A) ("Any party may file a response to a motion . . . . The response must be filed within 10 days after service of the motion unless the court shortens or extends the time.").

Having considered the reasonableness of the Franchisor Defendants' attorneys' rates and hours spent, the Court will grant the Franchisor Defendants' motion for fees and costs in full.

---

[1] The Court also granted in part Defendants Choice and Radisson's joint motion for attorney's fees. (Order, Aug. 4, 2025, Docket No. 155.) T&T also appealed that decision (Sept. 3, 2025, Docket No. 158), and that appeal remains pending (*see* Eighth Circuit Case No. 25-2767).

## DISCUSSION

### I. STANDARD OF REVIEW

A prevailing party seeking an award of attorney's fees must provide evidence to support the reasonableness of the fees, both as to the hourly rate claimed and the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Id.* at 434; *accord Beckler v. Rent Recovery Sols., LLC*, 83 F.4th 693, 695 (8th Cir. 2023). A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The party seeking attorney's fees has the burden to establish entitlement to an award with documentation that addresses the nature of the work as well as the appropriateness of the hourly rates and hours expended. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

### II. ANALYSIS

The Franchisor Defendants seek $65,009.40 in attorney's fees and $2,898.69 in costs. The Court will consider if the hourly rates charged by Franchisor Defendants and the hours expended were reasonable.

The attorneys' hourly rates ranged from $405 to $695 depending on skill and experience. (Decl. of Craig P. Miller ¶ 11, July 9, 2026, Eighth Circuit Case No. 25-1686.) In determining whether hourly rates are reasonable, the Eighth Circuit instructs courts to ensure that the requested rates are in line with those prevailing in the community for

"similar services by lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armontrout*, 860 F.2d 1456, 1458–59 (8th Cir. 1988) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court finds that the hourly rates generally align with the Minneapolis market,[2] and a reduction of hourly rates is not warranted in this case.

In considering whether hours were "reasonably expended," the Court weighs "the hours claimed against [their] own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (alteration in original) (citation and quotation omitted). The Court has reviewed the evidence submitted by the Franchisor Defendants and identifies no reason why the time spent by the attorneys throughout the appeal process was unreasonable.

**CONCLUSION**

After successfully receiving a dismissal with prejudice of T&T's claims and also prevailing on appeal, the Franchisor Defendants seek $65,009.40 in attorney's fees and $2,898.69 in costs. The Court finds the attorney's fee request reasonable and will grant the motion.

---

[2] *See, e.g.*, *Aaron H. v. Bisignano*, Civ. No. 22-670, 2025 WL 2070994, at *1 (D. Minn. July 23, 2025) (approving an effective hourly rate of about $700); *Brian Sanders v. BNSF Ry. Co.*, Civ. No. 17-5106, 2022 WL 17414504, at *12 (D. Minn. Dec. 5, 2022) (concluding hour rates of $550 and $700 per hour for partners were reasonable).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Choice Hotels, Inc. and Country Inn & Suites by Radisson, Inc.'s Motion for Appellate Attorneys' Fees and Costs is **GRANTED**.

1. Defendants Choice Hotels International, Inc. and Country Inn & Suites by Radisson, Inc. shall recover from Plaintiff T&T Management, Inc. attorney's fees in the amount of $65,009.40.

2. Defendants Choice Hotels International, Inc. and Country Inn & Suites by Radisson, Inc. shall recover from Plaintiff T&T Management, Inc. costs in the amount of $2,898.69.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 30, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge